# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1309018769 A & B |
| | ) | |
| | ) | |
| | ) | |
| ROBERT E. ROSA, | ) | |
| | ) | |
| Defendant. | ) | |

Date submitted: June 16, 2016
Date decided: July 7, 2016

## COMMISSIONER'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF

Brian Robertson, Esquire, Deputy Attorney General, Delaware Department of Justice, 820 N. French St. 7th Floor, Criminal Division, Wilmington, Delaware, 19801, Attorney for the State.

Andrew J. Witherell, Esquire, 1000 East 14th Street, Wilmington, Delaware 19801. Attorney for the Defendant.

**MANNING, Commissioner**

This 7th day of July 2016, upon consideration of defendant Robert E. Rosa's motion for postconviction relief ("Motion"), I find the following:

## Procedural History

On July 21, 2014, Rosa entered guilty pleas to Attempted Robbery Second Degree (two counts), Possession of a Firearm During the Commission of a Felony (two counts), Aggravated Menacing, Attempted Robbery Second Degree, and Possession of a Deadly Weapon by a Person Prohibited. A pre-sentence investigation was conducted and Rosa was sentenced on October 3, 2014. Rosa did not appeal his convictions to the Delaware Supreme Court. Rosa timely filed a motion for postconviction relief pursuant to Superior Court Criminal Rule 61 on October 2, 2015. Rosa requested appointment of counsel to assist him with his motion. However, I denied his motion for appointment of counsel pursuant to Rule 61(e)(2) by Order dated January 26, 2016.[1]

Trial counsel filed an Affidavit responding to Rosa's claims on March 17, 2016. The State filed its Response to Rosa's claims on May 16, 2016. Rosa did not file a Reply.

The facts surrounding Rosa's crimes are not relevant to deciding his claims and need not be recited here. Based upon my review of Rosa's Motion I do not see the need for an evidentiary hearing. The arguments made by Rosa in his Motion

---

[1] D.I. #50

1

can be fully addressed with the factual record created by the pleadings and other information currently available in the Court's file. Rosa's claims for postconviction relief, quoted verbatim, are as follows:

> Ground One: Effective assistance of counsel. Defendant's 6th Amendment right to effective assistance of counsel was abridged when counsel failed to conduct adequate pretrial investigation to determine insufficienty of the States case before advising the defendant to plea guilty.
>
> Ground Two: Coerced guilty plea. Counsel violated the defendants 6th Amendment Right to Counsel when he misadvised the defendant that he would only serve 15 yrs. if he plead guilty.
>
> Ground Three: Defendant's 6th Amendment Right to Effective Assistance of Counsel was violated as a result of ineffective assistance of Counsel.

## Legal Standard

To prevail on an ineffective assistance of counsel claim, a defendant must meet the two-pronged *Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[2] The first prong requires the defendant to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires the defendant to show that there is a

---

[2] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

2

reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[3]

When a court examines a claim of ineffective assistance of counsel, it may address either prong first; where one prong is not met, the claim may be rejected without contemplating the other prong.[4] Most germane to this case, mere allegations of ineffectiveness will not suffice—a defendant must make and substantiate concrete allegations of actual prejudice.[5] An error by defense counsel, even if professionally unreasonable, does not warrant setting aside the judgment of conviction if the error had no effect on the judgment.[6]

In considering post-trial attacks on counsel, *Strickland* cautions that trial counsel's performance should be reviewed from his or her perspective at the time decisions were being made.[7] A fair assessment of attorney performance requires that every effort be made to eliminate the distorting efforts of hindsight. Second guessing or "Monday morning quarterbacking" should be avoided.[8]

---

[3] *Id.*

[4] *Id.* at 697.

[5] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[6] *Strickland*, 466 U.S.at 691.

[7] *Id.*

[8] *Id.*

The procedural requirements of Superior Court Criminal Rule 61 must be addressed before considering the merits of any argument.[9] Dale's Motion was timely filed, is not repetitive, and none of the claims he raised were previously adjudicated in any forum. Therefore, Rosa's Motion is not procedurally barred under Superior Ct. Crim. Rule 61(i)(1) - (4).

## Analysis

Rosa's motion is entirely devoid of any concrete examples of how trial counsel's representation was deficient, or how that deficient representation prejudiced him. Rosa's entire motion is nothing more than a string of wholly conclusory accusations.

As to his first argument, Rosa claims that trial counsel failed to conduct an "adequate pretrial investigation." However, Rosa fails to name a single person that trial counsel should or could have interviewed, or how that person's testimony might have changed the outcome of the case. In response to this allegation, trial counsel provided the Court with a copy of an invoice from a private investigator indicating that 30 hours of work was billed working on Rosa's case. The invoice indicates that considerable time was spent tracking-down and interviewing possible witnesses, including one of the alleged victims.

---

[9] *See Younger*, 580 A.2d at 554.

Rosa's second argument is that trial counsel "misadvised" him that he would "only serve 15 yrs. if he plead guilty." In his Affidavit, trial counsel denies that he ever stated this to Rosa. In any event, the Truth-In-Sentencing Guilty Plea Form clearly indicates that Rosa faced a minimum mandatory penalty of "20 years" and up to a maximum of "85 years or life w/habit." Additionally, the Guilty Plea Agreement itself also states that the "State and Defendant agree to recommend: a total sentence incorporating 30 years at Level Five."

Given the unambiguous information contained in the guilty plea paperwork, I have no doubt that Rosa's plea was knowingly, intelligently and voluntarily entered and that he knew the correct penalty range he faced at the time he entered his guilty pleas. Outside of Rosa's conclusory allegation, there is nothing in the record to indicate that Rosa was not properly advised before he entered his guilty pleas. While Rosa may regret his decision in hind-sight, it is clear to me that he knew what he was doing at the time. In the absence of clear and convincing evidence to the contrary, Rosa is bound by his representations to the Court.[10]

Rosa's third claim is merely a recapitulation of his first two and need not be addressed separately. All of Rosa's claims are nothing more than conclusory statements unsupported by specific facts, details or argument, and all fail to meet the standard for relief under *Strickland*, its progeny, and Rule 61.

---

[10] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

## Conclusion

For the foregoing reasons, Rosa's Motion is so lacking in merit that it should

be DENIED and Summarily Dismissed pursuant to Super Ct. Crim. Rule 61(d)(5).

**IT IS SO RECOMMENDED.**

/s/ *Bradley V. Manning*
BRADLEY V. MANNING,
Commissioner


oc:   Prothonotary
cc:   Defendant

6